Case 1:16-cv-06799-GBD-BCM Document 451 Filed 04/25/17 Page 1 of 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tyrone Adams

RECEIVED
SDNY DOCKET UNIT  16 CV 6799
(GBD) (BCM)
2017 APR 25 AM 11: 47  AMENDED

(In the space above enter the full name(s) of the plaintiff(s).)

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983

v.

Jury Trial: Yes ✓ No ___
(check one)

Defendant No. 1 City of New York, N.Y.P.D., Officer(s)
Defendant No. 2 Det. Sean Maguire
Defendant No. 3 Det. Brian Green
Defendant No. 4 Sgt. Shaun Garrett
Defendant No. 5 in their individual and official capacities

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. No addresses should be included here.)

I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name Tyrone Adams
             ID # 15A5013
             Current Institution Fishkill Corr. Facility
             Address Box 1245 Beacon, NY 12508

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

1

Defendant No. 1    Name: Sean Mcguire    Shield # 27294
Where Currently Employed: New York Police Department
Address: 44TH pct. 2 East 169TH st
Bronx, NY 10452

Defendant No. 2    Name: Brian Green    Shield # 16821
Where Currently Employed: New York Police Department
Address: 44TH pct. 2 East 169TH st
Bronx, NY 10452

Defendant No. 3    Name: Shaun Garrett    Shield # 2245
Where Currently Employed: New York Police Department
Address: Internal Affairs Bureau
1 Police Plaza rm. 1206, NY, NY 10007

Defendant No. 4    Name ___ Shield # ___
Where Currently Employed ___
Address ___

Defendant No. 5    Name ___ Shield # ___
Where Currently Employed ___
Address ___

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? ___

B. Where in the institution did the events giving rise to your claim(s) occur? ___

C. What date and approximate time did the events giving rise to your claim(s) occur?
November 4, 2015, 8:50pm. Corner of 188TH st and Cumberland ave.

2

Plaintiff's amended complaint

Plaintiff Tyrone Adams, A Pro Se attorney for his amended complaint against City of New York, N.Y.P.D, Officer(s); Det. Sean Maguire, Det. Brian Green and Sgt. Shaun Gorrett alleges as follows.

## JURISDICTION AND VENUE

This court has jurisdiction over this action under 28 U.S.C. These matters in controversy arise under 42 U.S.C Section 1983 This action arises under and is brought pursuant to 42 U.S.C section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourth, Fifth and Fourteenth amendment to the United States Constitution. This court has jurisdiction over this action.

Venue properly lies in this District, because the events giving rise to this cause of action occured at New York Police Department 44TH precinct in Bronx, New York, which is located within the Southern District of state.

# Statement of Facts

1. On or about November 4, 2015 Plaintiff Tyrone Adams was racially profiled, illegally stopped and frisked, Assaulted, illegally stripped and manually cavity searched and interrogated, which resulted in an unlawful arrest, violation of Due Process and violation to plaintiff's rights to bodily privacy and protection against sexual misconduct.

2. On November 4, 2015, Plaintiff Tyrone Adams and friend Hector Cruz (whom is never mentioned in arrest complaint or police report) was returning to plaintiff's home from shopping at the supermarket (C-Town) and liquor store on 187th st, before being approached by officers on 188th st and Cambreleng ave.

3. On November 4, 2015, officers drove alongside plaintiff and friend Hector Cruz, In unmarked car never identifying themselves.

4. On November 4, 2015, Sgt. Garrett, Det(s) Green and Maguire, jumped out of vechicle with their weapons drawn, demanding plaintiff and friend to stop walking as they approached them and begun to search their persons. After finding nothing and have been cleared. Det. Green began to search plaintiff a second time. Attempting to strip plaintiff outside while handcuffed.

5. Det. Green, put his hands inside plaintiffs pants squeezing genital area putting his fingers inside front pocket of plaintiff's boxer briefs.

6. Plaintiff, began to question officers conduct and the legality of officers actions, which eventually lead to plaintiffs arrest. After plaintiff's friend Hector Cruz was told to take plaintiff's bags and leave immediately.

7. Plaintiff was taken into custody. Plaintiff was also assaulted inside police car by Det. Green, as Sgt. Garrett held plaintiffs handcuffs high behind plaintiffs back

8. Detectives took plaintiff outside of a cell area where they proceeded to search plaintiff a third time.

9. Sgt. Garrett, still controlled plaintiffs movements by tightening plaintiffs handcuffs, raising plaintiffs arms behind his back. Det. Maguire, then pulled plaintiffs pants down to his ankles, along with plaintiffs underware. Det. Maguire then pushed down on plaintiffs shoulders, forcing plaintiff into a squatting position while Det. Green left and came back wearing a pair of blue latex gloves. Det. Green, then proceeded to preform a manual body cavity search, without a written warrant by judge or a medical technician, which are trained to identify and remove such objects.

10. After Det. Green, inserted his fingers inside plaintiff's rectum and retrieved a plastic bag containing what was believed to be drugs. Plaintiff was uncuffed and placed inside a cell.

11. After an hour passed, Det. Maguire took plaintiff from out of cell and into a room and interrogated plaintiff for an hour or so, without consent or counsel, eventhough one was requested.

12. Det. Maguire, offered plaintiff the promise of release in exchange for information. Det. Maguire informed plaintiff that he was in charge of a special division in Manhattan that worked wit the D.A.'s office. Eventhough records indicate, only Sgt. Garrett is stationed in Manhattan at the Internal Affairs Bureau.

13. Detectives fabricated and falsified police arrest report, To justify arrest. Claiming they had probable cause.. Stating that plaintiff sold drugs to an unapprehended "white" female. Plaintiff's friend Hector Cruz, who was not arrested or mentioned in police reports also appears to look "white".

14. Plaintiff was charged with C.P.L 220.39 and 220.34. A direct sale with the exchange of pre-recorded U.S currency and a sale on school grounds. No transaction ever existed and no buy money was recovered, which constitute and support the type of arrest for the sale that plaintiff was charged with.

15. Plaintiff complained about injuries and pain. But was told he would not recieve medical attention. And to not say anything or his paperwork will be lost.

16. Plaintiff is currently confined at Fishkill Corr. Facility.

17. Plaintiff is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of New York.

18. Defendant N.Y.P.D., is and was at all times herein the "Agency" or "Agents" of the munipal departments for the City of New York. As agents for the "City" Defendant employs and train employees, manages its day to day operations and executes it's policies.

19. Defendant Sgt. Shaun Garrett, is and was at all times herein an employee of the N.Y.P.D.

20. Defendant Det. Sean Maguire, is and was at all times herein an employee of the N.Y.P.D.

21. Defendant Det. Brian Green, is and was at all times herein an employee of the N.Y.P.D.

22. Defendant City of New York, is and was at all times relevant herein a municipal corporation of the state of New York.

23. Plaintiffs claims for compensatory and punitive relief are authorized by rules of the Federal rules of Civil Procedure.

# STATEMENT OF CLAIM

At all relevant times herin, defendants were "persons" for the purposes of 42 U.S.C Section 1983 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

This civil action claim arose from the multiple constitutional violations caused by the defendants described in complaint. Defendant "The City", the "Principle" and municipality governing over the N.Y.P.D, and it's officers, who are employed to the N.Y.P.D, by the "city". The department and it's officers are "agents" allowed to act on behalf of the "principle" and in the instrest of the "principle".
The "city" failed to protect plaintiff, along with the department, when it's officers violated plaintiff's constitutional rights to bodily privacy and protection against sexual misconduct.
The "city" failed to provide proper training or supervision to subordinates to such extent that it amounted to deliberate indifference to the rights of plaintiff when in contact with municipal employees.

Plaintiff was racially profiled.
As a African American, plaintiff is a member of an protected class, against racial profiling and discrimination under the Equal Protection Act.
Plaintiff was illegally stopped and frisked, unlawfully arrested, Assaulted, illegally strip/manual cavity searched without an excuted search warrant

**What happened to you?**

D.  Facts: Which is procedure, sodomized, and interrogated without counsel present. Violating my Due Process. Officers even attempted to bribe plaintiff for information in exchange for his release. But deal vanished when plaintiff declined offer.
Defendants violated plaintiffs Fourth, Fifth and Fourteenth amendments. And took plaintiff's property, etc.

**Who did what?**

I want courts to look at this matter. And review Defendants actions as a matter of law.
Defendants embarrassed plaintiff and humiliated plaintiff in front of other officers in police station.

**Was anyone else involved?**

Surveilence camera's from Supermarket (C-Town), 188TH st and Cambreleny ave, where arrest occured, and police station should show plaintiff's innocence and Defendants actions and misconduct in it's entirety.

**Who else saw what happened?**

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Plaintiff suffered physical injuries which werent treated. Plaintiff has constant nightmares, caused by mental and emotional truma. Violation of privacy and civil/constitutional rights Mentally scarred and may never recover. Continuing therapy threw O.M.H at Fishkill Corr. Medication provided as part of treatment.

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?
    Yes ____  No ____

3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

    Yes ____    No ____    Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

    Yes ____    No ____    Do Not Know ____

If YES, which claim(s)? _____

D.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose <u>not</u> cover some of your claim(s)?

    Yes ____    No ____    Do Not Know ____

If YES, which claim(s)? _____

E.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

    Yes ____    No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    Yes ____    No ____

F.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____

    1.    Which claim(s) in this complaint did you grieve? _____

    2.    What was the result, if any? _____

    3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____

_____

_____

_____

4

G. If you did not file a grievance, did you inform any officials of your claim(s)?
Yes _____ No _____

1. If YES, whom did you inform and when did you inform them? _____
_____
_____

2. If NO, why not? _____
_____
_____
_____

I. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____
_____
_____
_____
_____

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:
State what you want the court to do for you. Plaintiff request an order declaring that the defendants acted in violation of the United States Constitution. Plaintiff prays for judgement in favor and damages in plaintiffs favor against all defendants in the amount sufficient to compensate him for pain and mental anguish suffered by him due to unlawful acts, delibrate indifference and intentional misconduct of defendants, but in no event less than $20,000,000 (Twenty million dollars) Together with and future attorney fees and additional relief as the court may deem just and proper.

VI. Previous lawsuits:

[On these claims]

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes _____ No ✓

5

B.  If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

  1.  Parties to this previous lawsuit:
  Plaintiff _____
  Defendants _____
  2.  Court (if federal court, name the district; if state court, name the county) _____
  3.  Docket or Index number _____
  4.  Name of Judge assigned to your case _____
  5.  Approximate date of filing lawsuit _____
  6.  Is the case still pending? Yes ____ No ____
  If NO, give the approximate date of disposition _____
  7.  What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

On other claims

D.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes ____ No ✓

E.  If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

  1.  Parties to this previous lawsuit:
  Plaintiff _____
  Defendants _____
  2.  Court (if federal court, name the district; if state court, name the county) _____
  3.  Docket or Index number _____
  4.  Name of Judge assigned to your case _____
  5.  Approximate date of filing lawsuit: _____
  6.  Is the case still pending? Yes ____ No ____
  If NO, give the approximate date of disposition _____
  7.  What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

6

Signed this 7 day of April, 2017. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff: _____
Inmate Number: 15A5013
Mailing address: 1245 Beacon, NY 12508

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 7 day of April, 2017, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

rev. 09/04

Honorable Barbra C. Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
SDNY DOCKET UNIT
2017 APR 25 AM 11:08

# MEMORANDUM OF LAW

### Statement

Plaintiff submits this memorandum of law in opposition to any summary judgement or Motion to dismiss by Defendants or Corporation Counsel.

### FACTS

The facts relied upon in this memorandum of law are the same or similar to the facts relied in Plaintiffs complaint. Which are in violation of Plaintiffs constitutional rights.

### ARGUMENT

### POINT

Counsel and defendant's offer no justification for defendant actions towards plaintiff which conflicts with Constitutional law. And violates plaintiffs rights.

ILLEGAL Search - "inter alia"
- Officer(s) violated my constitutional right to bodily privacy and protection against sexual misconduct.
- 4TH amendment prohibits the government from conducting unreasable searches.
- A search without prior judical approval in the form of a warrant is presumptively unreasonable. Katz v. United States, 389 U.S. 347, 357, 88 S. Ct 507, 19 L. ed. 2d 576 1967. Such searches are constitutional only if they fall within an exception to the warrant requirement.
- Without search warrant police were not justified in removing a bag containing a white substance that was protruding from his buttocks. People v. Maye, 12 NY3d 731, 876 NYS 2d. 676. 2009
- Oliveira v. Mayer, 23 F. 3d 642, 648 (2d Cir. 1994) (remanding based on factual dispute related to whether a reasonable officer could believe that his conduct was lawful); Powell v. Ward, 643 F. 2d 924, 934 n.13 (2d Cir. 1981) (stating that the defendant who "knew or should have known that her conduct violated a constitutional norm" was not entitled to immunity.
- Location - People v. Hampton, 200 AD 2d 466, 606. NYS 2d 628 1st Dept 1994.

Exchange of $$$. People v. Carmona, 208. AD 2d 369, 617 NYS 2d
Cavity Search - People v. Mothersell, 14, NY 3d, 358, 900 NYS 2d 715, 926 N.E 2d 1219 (2010)
ARREST STOP N FRISK. People v. Johnson, 64 NY 2d 617
- Without warrant. People v. Hall, 10, NY 3d 303; People v. More 97, NYS 2d. 209. People v. Gonzalez, 57. A.D. 3d 1220, 870
People v. Barnville 7. Misc. 3d. 688, 794 Sup. Bx County. (2005)

- Under fourth amendment, searches involving intrusion beyond body's surface on mere chance that desired evidence might be obtain are forbidden and in absence of clear indication that in fact such evidence will be found, law officers are required to suffer risk that such evidence may disappear.

- Body cavity search performed incident to arrest of defendant, in which police officers removed a plastic bag containing drugs from defendants rectum after they saw a portion of bag protruding from defendants body was unreasonable and invalid under fourth Amendment; even if other requirements for body cavity searches were met, there were no indication of exigent circumstances that would justify dispensing with warrant requirement

- Even where there is a clear indication that incriminating evidence will be retrieved if a body or bodily intrusion is permitted, a search warrant is required absent an emergency for such search to be permissible under fourth Amendment.

- X-Ray search is far less humiliating, degrading, invasive, annoying and physically uncomfortable than physical viewing of the anal cavity.
  - Conducted in a professional manner which avoids embarrassment or indignity.
  - Weber v Dell, 804 F.2d 796, 802 (2d Cir 1986)(holding that strip/body searches, cavity search unconstitutional where authorities had no reasonable suspicion arrestee

- Da Vee v. Mathis, 812 S.W. 2d 816, 824-26 (Mo. ct. app. 1991) Searches involving physical intrusion and removal of foreign objects "must" be conducted by medical personnel
- U.S ex rel. Guy v. McCauley, 385 F. Supp. 193, 199 (E.D Wis 1974) "The intrusions of either the vaginal or anal cavities must be made by skilled medical technicians". Persuant a warrant.
- Pressly v. Gregory, 831 F. 2d 514, 518 n.3 (4th Cir 1987) For the proposition that you cannot resist arrest by stating that the arrest is illegal unless the illegality is clear at the time of the arrest
— Municipalities could be held liable for unlawful searches of arrestees and detainees because the policy was authorized by officers of the N.Y.P.D, The relevant policy maker.
- The exclusionary rule "reaches not only primary evidence obtained as a direct result of an illegal search or seizure... but also evidence later discovered and found to be derivative of an illegality or fruit of the poisonous tree." Segura v. United States, 468 U.S 796, 804, 104 S. Ct. 3380, 82 L.Ed. 2d 599 (1984)
- People v. Hall March 25, 2008 10.N.Y.3d.303/886 N.E 2d.162 (Holding Reasonable suspicion standard governs visual cavity inspection incident to arrest, Removal of object protruding from arrestee's body cavity during visual cavity inspection incident to arrest require search warrant absent emergency situation. Strip search and visual cavity were supported by reasonable suspicion but, Removal of bag from defendants rectum constituted manual cavity search requiring warrant or exigent circumstances.

**FISHKILL CORRECTIONAL FACILITY**
BOX 1245
BEACON, NEW YORK 12508

NAME: Tyrone Adams    DIN: 15A5013

Pro Se Intake Unit
United States District Court
Southern District of New York
U.S. Courthouse - 500 Pearl Street
New York, NY 10007

FISHKILL CORRECTIONAL FACILITY

USM SDNY P3

neopost 04/21/2017 US POSTAGE $0

RECEIVED SDNY DOCKET UNIT 2017 APR 25 AM 11:08

on Recycled Paper

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM
NAME: Tyrone Adams    DIN: 15A5013